Gauthraux et al. vs. Thibodaux et al.

## No. 8960.

MRS. O. GAUTHRAUX ET AL. VS. THEO. THIBODAUX, SHERIFF, ET AL.

Where a party makes a conveyance of immovable property for a valuable consideration, which he receives when the act is passed, and the deed is recorded in the parish where the immovable property is situated, and followed by possession, a judgment creditor of the vendor cannot make a direct seizure of the property because of the fact that the one to whom the conveyance was made was not purchasing for himself but for others, who paid the consideration, and to whom the ostensible purchaser gave a counter-letter, which, however, was not recorded before the seizure. To justify such a seizure, the sale in question must be a pure simulation in all respects.

Nor will it avail the seizing creditor that the property is described in said deed, not by metes and bounds, but the deed conveys all interest and right and property in certain successions named, and the property seized once belonged to those whose successions are so named, and was inherited jointly by the said vendor and those for whom the purchase was made.

The real purchasers have the right to enjoin the seizure.

APPEAL from the Twentieth District Court, Parish of Lafourche. *Knobloch*, J.

*O'Sullivan & Blake* for Plaintiffs and Appellants.

*Clay Knobloch* for Defendants and Appellees:

1. Heirs who take possession of a succession that owes no debts become absolute owners. 31 A. 506; 33 A. 827; 34 A. 1168; 30 A. 93; 32 A. 321. A pretended sale for cash, when no cash was actually paid, by one of the heirs of his undivided interest in the succession, without giving any description of real estate, to one who declares he did not really purchase for himself but as sub-agent of the agent of third parties, cannot affect a creditor of the vendor whose judgment was registered in the mortgage records. C. C. 2438, 1886, 2259, 3306, 2439; 1 A. 338; 4 A. 293; 5 A. 258; 12 A. 251.

2. A mandate to buy real estate must be in writing (C. C. 2992, 2997, 2415) and cannot be proved by parol. 32 A. 635; 30 A. 898; 23 A. 196; 31 A. 547.

3. The unauthorized act of a sub-agent cannot be ratified by his counter-letter to an unauthorized agent, and this without regard to the reality or simulation of the counter-letter. Principals alone can ratify.

4. Nor can the unauthorized act of the sub-agent of the agent be ratified even by the principals to the prejudice of third persons who have acquired rights in the meanwhile. 12 R. 225, 653; 7 N. S. 375; Hen. Dig. p. 837, No. 6.

5. Parol proof is inadmissible to show that a pretended vendee was really invested with title for the benefit of third parties. 15 A. 539; 38 A. 678. It would be a *petitio principii* to say the vendee's declarations are admissible because he was the agent, and he was the agent because his declarations are admissible. Wharton on Evidence, § 1183; see also Starkie on Evidence, § 665.

6. The principle that a private unrecorded document in relation to immovables cannot affect third persons, holds good even though the private document is real and is not assailed on the ground of simulation. C. C. 2246, 2266, 2442.

7. A counter-letter has no date except that specially proved (19 A. 139) and this without reference to the question of simulation.

Gauthraux et al. vs. Thibodaux et al.

8. Plaintiffs' enjoining on the ground that they are owners under a notarial sale attacked
   for simulation, must establish title by clear, certain and legal evidence.  19 A. 139.

The opinion of the Court was delivered by

Todd, J.   One Cyprien Azema, a defendant herein, having caused an undivided interest of certain immovable property to be seized as belonging to his judgment debtor, the plaintiffs alleging that they had purchased the interest of the debtor prior to its seizure, enjoined the execution of the writ and asked to be declared owners of the aforesaid interest.

The injunction was dissolved on motion, with damages, and plaintiffs have appealed.

The facts undisputed are these:

P. A. Aucoin was the joint owner with the plaintiff, his sister, of property consisting of a house and lots in the town of Thibodaux, which they had inherited from their deceased parents.

On the 23d of January, 1883, Aucoin conveyed to one E. A. O'Sullivan, by notarial act passed in the city of New Orleans, the following, as described in the deed:

"The undivided one-fourth part, share and interest in all the estate, right, title and interest, property, possession, share, claim and demand of every nature and kind whatever, of him the said P. A. Aucoin, in and to the succession and estate of his deceased parents  *  *  *  * without exception or reservation, and to the property, rights, credits and effects belonging thereto, whether in whole or in part, and whether in this State or elsewhere, and also in and to any and all property, to or in which it may hereafter appear that the said successions or estates are entitled or in anywise interested."

This act was recorded in the parish of Lafourche on the 24th of January, and the seizure made on the 23d of May, following.

It was alleged in the petition that this conveyance was made to O'Sullivan as the agent and attorney of plaintiffs and for their benefit, and for a price or consideration paid by them.

That O'Sullivan received or accepted the conveyance for the plaintiffs is evidenced by a counter-letter to that effect, purporting to be dated 25th of January, 1883, and which we think was properly admitted in evidence, though not recorded.

The consideration expressed in the deed for the property was $1000 cash.

It was charged in defendants' motion to dissolve that this conveyance was a bare simulation, that the pretended purchaser did not buy and that he paid no price or consideration whatever for the property.

Under this issue of simulation the plaintiff proved that the real consideration paid consisted of notes owing by Ancoin to them, amounting to about $941, and which were in the hands of O'Sullivan, their attorney, for collection, and which were surrendered to their debtor on the passing of the act of sale.

This evidence too, in our opinion, was competent on the special denial made by defendant of any price or consideration being paid and on the question of simulation raised by them.

There was no charge of fraud or illegal preference contained in the answer.

It will be seen from the above that before any seizure by the sheriff of the property in question, Ancoin, the debtor, had ceased to be the owner of it, that he had parted with his title to it for a valuable consideration, and that the act of conveyance had been duly recorded in the parish where the property was situated prior to such seizure and that possession followed the passing of the act.

It is plain, therefore, that Ancoin, the seized debtor, could have asserted no title to the property against either O'Sullivan, or the plaintiff, or anyone else.

A judgment creditor can only seize directly immovable property which his debtor has conveyed to another by regular act duly recorded, where the sale or conveyance is a pure simulation, for the reason that notwithstanding the purported transfer, the debtor is still the true owner and had never ceased to be such; and that there had in fact been no sale, no price paid and no intention to sell. It must be an entire simulation, both as respects the seller and the buyer, to entitle the creditor to such right.

The right of the creditor in this instance to seize did not depend in the least on the fact whether O'Sullivan was a real or simulated buyer, or whether he had bought for himself or for another, but on the fact whether the debtor had or not sold the property to anyone for a valuable consideration and thereby divested himself of title, and the deed had been recorded. If there was any reality about the sale, the creditor could not legally have seized regardless of the transfer, but should have resorted to an action of nullity.

Being satisfied, therefore, that the act in question was not a pure simulation, we must conclude that the seizure in question was unwarranted in law and the plaintiffs or their agent, being in possession of the property under the conneyance in question duly recorded, had a right to resist the seizure by injunction.

There is another question raised touching the sufficiency of the description in the deed to effect a transfer or conveyance of the property. We have carefully considered this question, and are satisfied that, though the description is somewhat defective, it could not be held void as between the original parties and that evidence *aliunde* to help out the description or establish the identity of the property was permissible; and that under the facts of this case the judgment creditor of Aucoin, the vendor, could have in this suit no superior rights to the parties to the act.

We shall content ourselves with declaring that, under the evidence, the seizure was illegal and was properly opposed by the plaintiff, but whilst so concluding, shall leave open all questions which cannot be considered in this case, but which might be urged in another form of action. We shall simply perpetuate the injunction on the ground that Azéma, the seizing creditor, had no right to resort to a direct seizure.

It is, therefore, ordered, adjudged and decreed, that the judgment of the lower court be annulled, avoided and reversed; and proceeding to render such judgment as should have been rendered, it is now ordered, adjudged and decreed that there be judgment for the plaintiffs perpetuating the injunction and that defendants pay costs of both courts.